# CIRCUIT COURT OF THE CITY OF RICHMOND

Lori D. Leonard

v.

Virginia Board of
Veterinary Medicine

January 14, 2014

Case No. CL13-3254

By Judge Beverly W. Snukals

On October 29, 2013, the parties appeared, by Counsel, before this Court on Appellant's appeal from the Final Order of the Virginia Board of Veterinary Medicine dated June 3, 2013. The Court heard oral argument, took the matter under advisement, and accepted written memoranda on Appellant's third assignment of error in her Petition for Appeal. In its decision outlined below, the Court has taken into consideration all pleadings, memoranda, and argument of Counsel.

The Virginia Board of Veterinary Medicine (the "Board") held a formal administrative hearing "to inquire into evidence that Lori D. Leonard, D.V.M., may have violated certain laws and regulations governing veterinary practice in Virginia." *In re Lori D. Leonard*, 1 (Va. Bd. Vet. Med. June 3, 2013). After receiving evidence and hearing argument of counsel, the Board found that Dr. Leonard performed an incomplete spay operation on "Bodhi," a canine. The Board concluded that Dr. Leonard "failed to meet the standard of care in Bodhi's case." *Id.* at 2. Based on this finding of fact, the Board found that Dr. Leonard was in violation of Va. Code § 54.1-3807(5), which allows the Board to take disciplinary action if a practitioner is found "guilty of unprofessional conduct as defined by regulations of the Board," and 18 VAC 150-20-140(6), (7), and (8):

(6) Violating any state law, federal law, or board regulation pertaining to the practice of veterinary medicine . . . (7) Practicing veterinary medicine . . . in such a manner as to endanger the health and welfare of his patients or the public . . . (8) Performing surgery on animals . . . not in accordance with the . . . accepted standards of practice.

Dr. Leonard properly appealed the Board's decision to this Court under the Virginia Administrative Process Act, Va. Code § 2.2-4000 et seq. ("VAPA").

The VAPA provides for appeals from agency decisions to the circuit court. *Id.* § 2.2-4026. The appeal is based solely upon the record in the administrative body, just as an appeal from a circuit to appellate court. *Pence Holdings, Inc. v. Auto Ctr., Inc.*, 19 Va. App. 703, 707 (1995). If an objection is not raised before the agency, a party may not raise the issue on appeal. *Id.* The importance of this requirement is to allow the agency "a fair opportunity to rule intelligently on objections while there is still an opportunity to correct errors." *Smitty's, Inc. v. Virginia Dep't of Alcoholic Beverage Control*, 2010 WL 4449730, *3 (Va. App. 2010) (quoting *Vasquez v. Mibini*, 269 Va. 155, 163 (2005)).

Dr. Leonard relies now on her third assignment of error:

The Final Order of the Vet Board is erroneous because there is not substantial evidence in the record in this case that Dr. Leonard violated any state law, federal law, or board regulations pertaining to the practice of veterinary medicine, that she practiced veterinary medicine in such a manner as to endanger the health and welfare of her patients or the public, or that she is unable to practice veterinary medicine with reasonable care or safety, in violation of Virginia Code § 54.1-3807(5) and 18 VAC 150-20-140(6), (7), and (8) of the Regulations Governing the Practice of Veterinary [Medicine].

Appellant's Petition for Appeal, at 6.

Although Dr. Leonard's factual argument under this assignment of error has changed from her Petition for Appeal, her assignment of error is consistent. Further, Counsel for Dr. Leonard presented her current argument in his closing at the Board hearing, and Counsel for the Commonwealth responded. See Transcript of Oral Argument at 90-91, 94, 98, *In re Lori Leonard* (Va. Bd. Vet. Med. June 3, 2013). Because Dr. Leonard continues to rely on her third assignment of error and the objection was presented to the Board, Dr. Leonard properly preserved her issue on appeal.

In a circuit court review of proceedings governed by VAPA, "[t]he sole determination as to factual issues is whether substantial evidence exists in

the agency record to support the agency's decision. The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 242 (1988). "The construction which an administrative agency gives to its regulation, if reasonable, is entitled to great deference." *Virginia Real Estate Bd. v. Clay*, 9 Va. App. 152, 160 (1989). An agency's interpretation of its own regulations must be given "controlling weight" unless the interpretation is "arbitrary and capricious, meaning an interpretation that is unreasonable or without determining principle." *Horne v. Real Estate Bd.*, 57 Va. App. 709, 718 (2011).

However, "[d]eference is not abdication, and it requires [the reviewing court] to accept only those agency interpretations that are reasonable in light of the principles of construction courts normally employ." *Board of Supervisors v. State Bldg. Code Tech. Review Bd.*, 52 Va. App. 460, 466 (2008) (quoting *EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 260 (1991) (Scalia, J., concurring)). When the issue on appeal "involves a pure question of statutory interpretation, that issue does not invoke the agency's specialized competence but is a question of law to be decided by the courts." *Virginia Dep't of Med. Assistance Servs. v. Patient Transp. Sys.*, 58 Va. App. 328, 334 (2011) (citations omitted).

Paragraphs 7 and 8 of 18 VAC 15-20-140 allow the Board to discipline a practitioner for "[p]racticing veterinary medicine . . . in such a manner as to endanger the health and welfare of his patients or the public," and for "[p]erforming surgery on animals . . . not in accordance with the . . . accepted standards of practice." Here, the Board found evidence of only one incident. There was no evidence of the endangerment of multiple patients, and there was no evidence of any endangerment to the public. The Board could not have found substantial evidence to discipline Dr. Leonard under 18 VAC 150-20-140(7). There was also no evidence that Dr. Leonard performed surgery on multiple animals in a manner that fell below accepted standards of practice. The Board could not have found substantial evidence to discipline Dr. Leonard under 18 VAC 150-20-140(8). Paragraph 6 of the regulation and Va. Code § 54.1-3807(5) rely on finding a violation of another regulation or law; they cannot stand alone.

The Board must be granted deference in its interpretation of 18 VAC 150-20-140(6), (7), and (8). However, this interpretation may not be arbitrary and capricious, or "an interpretation that is unreasonable or without determining principle." *Horne*, 57 Va. App. at 718. This Court must only "accept those agency interpretations that are reasonable in light of the principles of construction courts normally employ." *Board of Supervisors*, 52 Va. App. at 466. Unambiguous regulatory language should be interpreted according to its plain meaning. *Williams v. Commonwealth Real Estate Bd.*, 57 Va. App. 108, 121 (2005). Here, the plain meaning of the regulations

at issue clearly allows discipline only for a finding of endangerment of multiple patients, endangerment of the public, or improper surgery on multiple animals. There was clearly not substantial evidence of any of these three situations in the record.

Dr. Leonard properly preserved her argument on appeal by presenting it to the Board and continuing to rely on her third assignment of error. The Board could not have found substantial evidence for a finding of a violation of 18 VAC 150-20-140(7) or (8) because the plain meaning of the regulations requires endangerment of multiple animals or the public or surgery on multiple animals that falls below the standards of veterinary practice and, here, there was only a finding of one incident which did not impact the public. Because there was not "substantial evidence in the agency record to support the agency decision" under Va. Code § 2.2-4027, the Final Order of the Board of Veterinary Medicine issued June 3, 2013, is reversed and this action is dismissed with prejudice.