COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Chafin and O'Brien
Argued at Williamsburg, Virginia

UNPUBLISHED

CHANTEL RAY FINCH

MEMORANDUM OPINION* BY
v.      Record No. 1289-18-1                    JUDGE WILLIAM G. PETTY
                                                FEBRUARY 26, 2019
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF PROFESSIONAL
 AND OCCUPATIONAL REGULATION,
 REAL ESTATE BOARD

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge

Christopher D. Davis (Justin R. Burch; Davis Law, PLC, on briefs),
for appellant.

Elizabeth B. Peay, Senior Assistant Attorney General (Mark R.
Herring, Attorney General; Stephen A. Cobb, Deputy Attorney
General; Heather Hays Lockerman, Senior Assistant Attorney
General and Chief, on brief), for appellee.

The Real Estate Board, an agency within the Department of Professional and

Occupational Regulation, is charged with the regulatory oversight of real estate brokers.  The

Board found that Chantel Ray Finch, a broker, was in violation of 18 VAC § 135-20-190(E)(4)

by failing to obtain the written consent of the seller prior to advertising for sale a specific

identifiable real estate property.  Finch[1] appealed the Board's finding to the Circuit Court of

Virginia Beach.  The circuit court affirmed the Board's finding.  Now, in an appeal of that

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] For reasons not apparent from the record, the appellant is referred to as Ray in the proceedings before the Board.  For clarity, we will use her last name as it appears in the record of this Court.

decision, she argues that the circuit court erred in affirming the Board's decision for three reasons: (1) "substantial evidence showed [Finch] properly complied with 18 VAC § 135-20-190(E)(4) because [Finch] obtained the written consent of the seller by virtue of the REIN contract, and, even if consent was withdrawn, it was regranted by the seller's conduct;" (2) "the circuit court gave improper deference to, and ultimately affirmed, the Board's finding based on the Board's impermissible legal interpretation that a private contract could not meet the consent requirement of 18 VAC § 135-20-190(E)(4);" and (3) "the Board improperly placed the burden of proof on [Finch] at the agency hearing to show that she was not in violation of 18 VAC § 135-20-190(E)(4)." Finding no error, we affirm the circuit court's decision.

BACKGROUND

Barbara Wolcott, the complaining witness and principal broker for Berkshire Hathaway HomeServices Towne Realty (Towne Realty) filed a complaint with the Board alleging Finch violated 18 VAC §§ 135-20-190(E)(4) and 135-20-280.[2] A presiding Board member conducted an informal fact finding conference (IFFC). At the IFFC, the presiding member noted that the Board defines "advertising as all forms of representation, promotion and solicitation disseminated in any manner and by any means of communication to consumers for any purpose related to licensed real estate activity." Wolcott submitted documentation showing that on four separate occasions, Finch's real estate company, Chantel Ray Real Estate (CRRE), advertised property for which she did not have a listing agreement. The first instance involved CRRE's media coordinator soliciting a Towne Realty associate offering to advertise two of Towne Realty's properties on social media. The second instance involved a CRRE email advertisement sent to an associate of Towne Realty. The email included an advertisement for two properties,

---

[2] The informal fact finding conference presiding member and the Board dismissed the complaint for violation of 18 VAC § 135-20-280, so it is not before us here.

one of which was a Towne Realty listing. The third instance was an advertisement of a Towne Realty listing posted on CRRE's Facebook page. The fourth instance was a Towne Realty listing promoted on CRRE's website. Each time CRRE advertised a Towne Realty listing, Wolcott notified Finch, in writing, that CRRE was not permitted to advertise any Towne Realty listings.

In response, Finch submitted the Real Estate Information Network (REIN) rules and regulations. REIN is a multiple listing service which permits members to post real estate properties they are offering for sale. Both Towne Realty and CRRE are members of REIN. Finch argued that the rules and regulations provided that membership in REIN granted written consent to advertise other members' listings. Thus, she posited, because both her agency and Towne Realty were members, Towne Realty had granted her permission to list the properties. The IFFC presiding member pointed out REIN Rule 6.2.3.7, which states, "Broker Member must comply with all states' advertising requirements applicable to Licensees based on the geographic location of the listing (e.g., Virginia Administrative Code (VAC), Title 18 (Professional and Occupational Licensing), 135-20-190. Advertising by licensees)."

After the IFFC, the presiding member submitted a summary of informal fact-finding conference (Summary) to the Board. Concluding that a listing broker is granted the consent of a seller through the listing agreement, the presiding member rejected the argument that membership in REIN amounted to implied consent. The IFFC presiding member recommended that Finch be found in violation of 18 VAC § 135-20-190(E)(4). Two months later, the Board convened and voted to accept the recommendations of the presiding member. The Board found that Finch violated 18 VAC § 135-20-190(E)(4) and imposed sanctions and monetary penalties in the amount of $800. It further placed Finch on probation and required her to complete four classroom hours of continuing education within six months of the effective date of the order. In its final opinion and order, the Board stated that it "adopts the Report of Findings, which

contains the facts" in the matter, and "adopts the Summary. The Report of Findings and Summary are incorporated as part of this Order."

ANALYSIS

The Virginia Administrative Process Act authorizes judicial review of agency decisions. See Code § 2.2-4027. Under settled principles, the burden is upon the party appealing such a decision to demonstrate error. Avante at Roanoke v. Finnerty, 56 Va. App. 190, 197 (2010); Carter v. Gordon, 28 Va. App. 133, 141 (1998). "Our review is limited to determining (1) '[w]hether the agency acted in accordance with law;' (2) '[w]hether the agency made a procedural error which was not harmless error;' and (3) '[w]hether the agency had sufficient evidential support for its findings of fact.'" Avante at Roanoke, 56 Va. App. at 197 (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242 (1988)).

Accordingly, it is the duty of the reviewing court to determine whether there was "substantial evidence" in the agency record to support the decision of the agency. Doe v. Virginia Bd. of Dentistry, 52 Va. App. 166, 175 (2008). "Substantial evidence" is "'such relevant evidence as a reasonable mind *might* accept as adequate to support a conclusion.' Under this standard, applicable here, the court may reject the agency's findings of fact 'only if, considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion.'" Virginia Real Estate Commission v. Bias, 226 Va. 264, 269 (1983) (citations omitted).

Further, when reviewing claims of regulatory interpretive error in an administrative appeal, we are to

> "give 'great deference' to an agency's interpretation of its own regulations." Bd. of Supervisors v. State Bldg. Code Tech. Review Bd., 52 Va. App. 460, 466 (2008). "This deference stems from Code § 2.2-4027, which requires that reviewing courts 'take due account' of the 'experience and specialized competence of the agency' promulgating the regulation." Id. (quoting Real Estate Bd.

v. Clay, 9 Va. App. 152, 160-61 (1989)).  However, "'deference is not abdication, and it requires us to accept only those principles of agency interpretations that are reasonable in light of the principles of construction courts normally employ.'"  Id. (quoting EEOC v. Arabian American Oil Co., 499 U.S. 244, 260 (1991)).

Avante at Roanoke, 56 Va. App. at 197; see also Appalachian Voices v. State Air Pollution Control Bd., 56 Va. App. 282, 293 n.2 (2010) ("[A]n agency's interpretation [of its own regulations] must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation." (alterations in original) (citations and internal quotation marks omitted)); Avalon Assisted Living Facilities, Inc. v. Zager, 39 Va. App. 484, 503 (2002) (noting principles of statutory construction apply with equal force "to the interpretation of regulations adopted by an administrative agency").  We give no deference to an agency's interpretation of its regulation that is "arbitrary and capricious," meaning an interpretation that is "'unreasonable'" or "'without determining principle.'"  Williams v. Commonwealth of Virginia Real Estate Bd., 57 Va. App. 108, 135 (2010) (quoting Sch. Bd. of the City of Norfolk v. Wescott, 254 Va. 218, 224 (1997)).

### 1.  Violation of 18 VAC § 135-20-190(E)(4)

Finch argues that the circuit court erred because "substantial evidence showed that [Finch] properly complied with 18 VAC § 135-20-190(E)(4) because [Finch] obtained the written consent of the seller by virtue of the REIN contract, and, even if consent was withdrawn, it was regranted by the seller's conduct."[3]

18 VAC § 135-20-190 regulates advertising by licensed real estate brokers.  It specifically prohibits the failure "to obtain the written consent of the seller, landlord, optionor or licensor prior to advertising a specific identifiable property."  18 VAC § 135-20-190(E)(4).  Here there was substantial evidence from Wolcott that Finch did not have written consent from Towne

---

[3] Finch appears to confuse the "substantial evidence" standard of review for upholding a violation with something that would instead prove her compliance.  We will consider whether the circuit court erred in finding substantial evidence to support the Board's findings.

Realty to advertise the properties that were under a listing agreement with Towne Realty. Although Finch took down the advertisements upon request, the Board found that she had violated 18 VAC § 135-20-190(E)(4) by listing the specifically identifiable properties in the first instance. The Board further concluded that membership in REIN does not, in and of itself, grant permission to use listings of other members. As the Board noted, section 6.2.3.7 of the REIN rules and regulations states that members "must comply with all states' advertising requirements applicable to Licensees based on the geographic location of the listing (e.g., Virginia Administrative Code (VAC), Title 18 (Professional and Occupational Licensing), 135-20-190. Advertising by licensees)." Virginia's advertising requirements are outlined in 18 VAC § 135-20-190. Subsection (E)(4) of that statute requires "written consent" for each "specific identifiable property" in order to advertise it. 18 VAC § 135-20-190(E)(4). There is no evidence in the record that Finch ever obtained written consent from Towne Realty to advertise Towne Realty's listings on CRRE social media. Therefore, the circuit court did not err in finding that substantial evidence supported the Board's conclusion that membership in REIN does not provide written consent (and therefore, 18 VAC § 135-20-190(E)(4) compliance).

2. Deference to the Board

Next, Finch argues that the circuit court erred because it "gave improper deference to, and ultimately affirmed, the Board's finding based on the Board's impermissible legal interpretation that a private contract could not meet the consent requirement of 18 VAC § 135-20-190(E)(4)."

As noted above, we "give 'great deference' to an agency's interpretation of its own regulations" and "'take due account' of the 'experience and specialized competence of the agency' promulgating the regulation." Bd. of Supervisors, 52 Va. App. at 466 (quoting Clay, 9 Va. App. at 160-61).

We cannot say, based on the Board's particularized understanding of the REIN database and listing practices, that its interpretation of 18 VAC § 135-20-190(E)(4) was "plainly erroneous or inconsistent with the regulation." Appalachian Voices, 56 Va. App. at 293 n.2 (citation omitted). The interpretation was also not "arbitrary and capricious," or "'unreasonable'" or "'without determining principle.'" Williams, 57 Va. App. at 135 (quoting Sch. Bd. of the City of Norfolk, 254 Va. at 224); see Johnston-Willis, 6 Va. App. at 244 (holding decisions by agencies on matters within their specialized competence are entitled to "special weight" in the courts). As noted above, the Board found that membership in REIN does not authorize unlimited mutual advertising. Even if it did, Wolcott specifically told Finch to cease from advertising any properties that were under a listing agreement with Towne Realty. Therefore, the Board's finding was not plainly erroneous or inconsistent with the regulations. Accordingly, we affirm the circuit court.

### 3. Burden of Proof

In her third assignment of error, Finch argues that the circuit court erred because "the Board improperly placed the burden of proof on Finch at the agency hearing to show that she was not in violation of 18 VAC § 135-20-190(E)(4)." To support this argument, she contends that the burden of proof in formal Administrative Procedure Act (APA) hearings is on the Board.

Here, a Board member conducted an IFFC pursuant to Code § 2.2-4019. The IFFC is an "informal conference" meant to "ascertain the fact basis" for an agency's decision. Code § 2.2-4019. It is not a formal Administrative Procedure Act hearing. A formal hearing only occurs if the "informal procedures under [Code] § 2.2-4019 have not been had or have failed to dispose of a case by consent." Code § 2.2-4020. Informal procedures under Code § 2.2-4019 were followed in this case, and there was no claim that the Board failed to dispose of the case by consent. The fact that the presiding member asked Finch questions does not mean that the

burden was being shifted onto Finch. The presiding member asked probing questions of both Wolcott and Finch. We decline to hold that this fact-finding exercise was unfair treatment and/or burden shifting. Further, we find no evidence in the record that demonstrates that the presiding member treated Finch unfairly in her line of questioning. Having found a prima facie showing of lack of written consent to advertise under 18 VAC § 135-20-190(E)(4), Finch was free to attempt to overcome that showing by presenting evidence of consent. The fact that that evidence was accepted and considered is not unfair burden shifting.

CONCLUSION

For the foregoing reasons, the decision of the circuit court is affirmed.

Affirmed.