## CIRCUIT COURT OF FAIRFAX COUNTY

Larry Neidig

v.

Carter,
Comm'r of Virginia Dept.
of Social Services

August 16, 2000

Case No. (Law) 174997

BY JUDGE JANE MARUM ROUSH

This matter came on the plaintiff's motion to reconsider the Court's denial of his request for attorney's fees against the respondent. The Court suspended the final order in this case pending its consideration of the motion to reconsider. For the following reasons, the motion to reconsider will be granted and the Court will award the plaintiff $8,800 of his attorney's fees plus costs.

*Facts*

The facts of this case will be briefly summarized. In May 1995, the Fairfax County Department of Family Services ("DFS") found that Mr. Neidig, who at the time was a Fairfax County Police Officer, had sexually abused his two young daughters. In July 1996, the Juvenile and Domestic Relations District Court of Fairfax County entered an order finding that the children were abused and/or neglected. Mr. Neidig appealed that order to this Court. After a trial *de novo*, this Court found that the allegations of abuse and neglect were not proven and dismissed the case. DFS appealed to the Court

of Appeals, which affirmed the finding of the circuit court in an unpublished opinion. *Fairfax County DFS v. Neidig*, 1998 Va. App. LEXIS 183, Record No. 1304-97-4 (March 31, 1998) (unpublished).

In the meantime, Mr. Neidig was criminally charged and was acquitted of all charges in September 1995.

In a parallel proceeding, Mr. Neidig administratively appealed DFS's July 10, 1995, finding of "Founded Sexual Abuse Level 1." The agency director upheld the finding in 1996. Mr. Neidig appealed that decision to the Commissioner of the Virginia Department of Social Services ("DSS").

In yet another forum, in January 1997, the Civil Service Commission of Fairfax found that Mr. Neidig was entitled to his pension as a retired police officer. The Civil Service Commission ruled that Fairfax County was collaterally estopped from relitigating whether Mr. Neidig had abused his daughters.

In 1998, after the resolution of the criminal cases, the Civil Service decision and the Court of Appeals opinion, each of which found in favor of Mr. Neidig, the designee of the Commissioner of DSS held an administrative hearing on Mr. Neidig's appeal of the administrative finding of Level One Sexual Abuse. The designee upheld the Commissioner's decision.

Mr. Neidig appealed the administrative finding of abuse and neglect to this Court, which entered summary judgment in favor of Mr. Neidig.

Mr. Neidig now seeks an award of attorney's fees under the Virginia Administrative Process Act ("VAPA").

## Applicable Law

The applicable provision of the VAPA provides that:

> In any civil case under Article 4 (§ 9-6.14:15 et seq.) of this chapter and § 9-6.14:4.1, in which any person contests any agency action, as defined in § 9-6.14:4, such person shall be entitled to recover from that agency ... reasonable costs and attorney fees if such person substantially prevails on the merits of the case and the agency's position is not substantially justified, unless special circumstances would make an award unjust.

Va. Code Ann. § 9-6.14:21.

Respondent asserts that Petitioner is not eligible for attorney fees under § 9-6.14:21. According to the Respondent, the VAPA was modeled after the federal Equal Access to Justice Act ("EAJA"). Fourth Circuit cases have held

that "to escape liability under the EAJA, the Government must show, not that its underlying action was substantially justified, but that its position as a party in prosecuting or defending the action was." *Amidon v. Lehman*, 730 F.2d 949 (4th Cir. 1984), quoting *Tyler Business Srvcs., Inc. v. NLRB*, 695 F.2d 73 (4th Cir. 1982).

The Respondent claims he reasonably believed that neither collateral estoppel nor *res judicata* prevented him from affirming the administrative finding of sexual abuse. The Respondent argues that the civil trial ultimately decided by the Court of Appeals concerned only the protection of the Neidig children. He maintains that DSS was legally justified in pursuing the administrative finding of abuse and neglect because it had the responsibility to protect all children in the Commonwealth.

In 1997, Code § 9-6.14:21 was amended to change the standard for the award of attorney's fees from situation in which "the agency is founded to have acted unreasonably" to the present "the agency's position is not substantially justified." The legislative draft file for House Bill 1267 (1997 Va. Acts, c. 692), indicates that the General Assembly intended to make it easier for litigants who prevail over the Commonwealth in an administrative action to receive an award of attorney's fees:

> Line 16 of the bills would make attorney fees available if the agency's position is not substantially justified. This is a somewhat lower standard than finding the agency to have acted unreasonably as in current law, but a higher standard than simply prevailing substantially on the merits of the case.

Pet. Ex. 3 at 17. The legislative draft file indicates that the General Assembly intended that Code § 9-6.14:21 would be interpreted in accordance with EAJA jurisprudence:

> In order for a party to prevail against the agency in the first place, the court will have to find that the agency's decision was not substantially supported by the evidence, that the agency's action was unreasonable, or both. The proposed standard of "not substantially justified" is used by the Equal Access to Justice Act.

Pet. Ex. 3 at 17.

In *Pierce v. Underwood*, the United States Supreme Court interpreted the language in the EAJA to require an agency to be justified to a high degree, "a

degree that could satisfy a reasonable person." 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988).

Upon reconsideration, the Court concludes that the position that the Respondent took after the hearing on May 13, 1998, was not substantially justified within the meaning of Code § 9-6.14:21. By the time of that hearing, this Court had twice ruled in Mr. Neidig's favor, once when he was acquitted in the criminal cases and a second time when, in the civil case, the abuse and neglect petition was dismissed. By May 1998, the Court of Appeals had affirmed the dismissal of the abuse and neglect petition. In addition, by that date, the Civil Service Commission of Fairfax County had decided that the County was collaterally estopped from relitigating the question of abuse *vel non* and Mr. Neidig was awarded his full police pension. While the Respondent's goal of protecting all children in the Commonwealth is laudable, and one that this Court shares, by May 1998, a reasonable person would not be satisfied that the Respondent was substantially justified in continuing to pursue the administrative matter.

## Conclusion

Mr. Neidig is awarded attorney's fees of $8,400 plus $88.00 in costs. The amount reflects Mr. Neidig's reasonable attorney's fees and costs for the time period in which DSS was handling the case, not when it remained at the county level.