162

## CIRCUIT COURT OF THE CITY OF NORFOLK

Thornton Hall, Inc.

v.

Patrick Finnerty,
Director of the Department
of Medical Assistance Services

June 16, 2003

Case No. (Chancery) 02-591

BY JUDGE JOHN C. MORRISON, JR.

This matter comes before the Court on Appellant Thornton Hall, Inc.'s Motion for Award of Attorney's Fees and Costs. The Administrative Procedure Act provides:

> In any civil case brought under Article 5 (§ 2.2-4025 et seq.) of this chapter or §§ 2.2-4002, 2.2-4006, 2.2-4011, or § 2.2-4018, in which any person contests any agency action, such person shall be entitled to recover from that agency, including the Department of Game and Inland Fisheries, reasonable costs and attorneys' fees if such person substantially prevails on the merits of the case and the agency's position is not substantially justified, unless special circumstances would make an award unjust. The award of attorneys' fees shall not exceed $25,000.

Va. Code Ann. § 2.2-4030 (2003). Therefore, there are three requirements that a party must meet before they can collect attorney's fees under this statute. The party must show that (1) the person prevailed substantially on the merits of the case; (2) the agency's position was not substantially justified; and (3) no

special circumstances make an award of attorney's fees unjust. *Commonwealth v. May Bros., Inc.*, 11 Va. App. 115, 120, 396 S.E.2d 695, 698 (1990). In this case, the agency's position was substantially justified. Therefore, Appellant's motion is denied.

Appellant Thornton Hall argues that Appellee Finnerty, the Director of the Department of Medical Assistance Services ("DMAS"), was not substantially justified in its decision because the language of the statute was clear and unambiguous. (Appellant's Br. in Supp. of Mot. for Award of Attorney's Fees & Costs, at 4, relying on Letter Opinion from Court to Counsel, March 20, 2003 [61 Va. Cir. 346].) Appellee DMAS asserts that it was substantially justified in its decision because it relied on a reasonable legal position. (Appellee's Memo. in Opp'n to Appellant's Mot. for Award of Attorney's Fees & Costs, at 5.) DMAS relied on a Court of Appeals case that referenced that "initial determinations" were the dates of Notices of Program Reimbursement, and not the date of the Informal Fact Finding Conference. *Id.*; *see Smith v. Liberty Nursing Home, Inc.*, 21 Va. App. 281, 293, 522 S.E.2d 890 (2000). Federal courts have defined "substantially justified" as having a reasonable basis in both fact and law. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). In this case, the Court finds that DMAS relied on a reasonable legal position and was substantially justified in its decision. Therefore, Appellant's motion for attorney's fees is denied.