COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Haley and Powell
Argued at Richmond, Virginia


VIRGINIA DEPARTMENT OF
 MEDICAL ASSISTANCE SERVICES
                                                                    OPINION BY
v.       Record No. 1634-10-2                          JUDGE ROBERT P. FRANK
                                                                    MAY 31, 2011

PATIENT TRANSPORT SYSTEMS, INC.


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

Elizabeth A. McDonald, Special Counsel (Kenneth T. Cuccinelli, II,
Attorney General; David E. Johnson, Deputy Attorney General;
Kim F. Piner, Senior Assistant Attorney General, on briefs), for
appellant.

Jonathan M. Joseph (Belinda D. Jones; Christian & Barton, L.L.P.,
on briefs), for appellee.


In this administrative appeal under the Virginia Administrative Appeals Act (VAPA)

Code § 2.2-4027, Virginia Department of Medical Assistance Services (DMAS) appeals the

decision of the circuit court which sets aside the decision of DMAS in favor of DMAS for its

failure to file a proper "case summary" as required by 12 VAC 30-20-540(B). For the reasons

stated, we affirm the circuit court's judgment.

BACKGROUND

DMAS determined that Patient Transport Systems (Transport) was overpaid, i.e., that

medical transportation ambulance service providers had been erroneously receiving co-insurance

and deductible payments from cross-over claims for dual eligibles[1] above the authorized payment level authorized by federal law and mandated by 12 VAC 30-80-170.

By letter dated September 15, 2008, DMAS notified Transport of the overpayment, enclosing a computer disc (CD) with the letter. The CD spreadsheet listed in columns: "Reference Number," "Recipient ID," "Paid Date," "Procedure," "Units," "Service Date," and "Paid Amount," with numbers or dates under each column. While the September 15, 2008 letter indicated the CD included the amount of overpayment, the exhibit listing the contents of the CD shows no such listing.

Transport appealed this overpayment determination through the two levels of agency review; the informal fact finding conference (IFFC) (Code § 2.2-4019) where DMAS prevailed and the formal agency hearing (Code § 2.2-4020). At the latter level Transport challenged the adequacy of DMAS's case summary, citing 12 VAC 30-20-540(B).

The hearing officer found in favor of DMAS but indicated he did not have the authority to rule on the adequacy of the case summary. In DMAS's final agency decision, the director remanded the matter to the hearing officer to make a recommendation concerning the adequacy of the case summary. The hearing officer issued a revised decision dated November 20, 2009, concluding the case summary failed to meet the requirements of 12 VAC 30-20-540(B), specifically, that the case summary "failed to address each individual adjustment in the recovery sought by DMAS[,]" and "[t]he computer disk accompanying the September 15, 2008 recovery letter was not a part of the DMAS informal case summary."

---

[1] Dual eligibles are those individuals who are eligible for coverage by both the Medicare and Medicaid program. Medicare "crossover" claims are those claims for which the transportation provider first bills Medicare for payment, and then the claims automatically "cross over" to Medicaid for any appropriate additional payment.

The hearing officer cited the testimony of Robert Chapman, a DMAS employee who prepared the CD, who stated the CD simply showed the amounts DMAS paid for Medicare co-insurance and deductibles. Chapman testified he did not analyze the claims, nor did the CD state DMAS's position for each adjustment. The hearing officer also referred to the testimony of Tom Lawson, DMAS transportation contract manager, who testified he did not mail the case summary to Transport.

The acting director's final agency decision overruled the hearing officer's finding, and determined as a matter of law that DMAS's case summary complied with 12 VAC 30-20-540(B) and that the hearing officer's conclusion was not supported by the evidence. The director found the CD was incorporated by reference into the case summary. Further, the director concluded that the regulation does not require mailing by United States Postal Service, but can be accomplished by mailing electronically, as was done in this case.

Transport appealed the final agency decision to circuit court. The circuit court overruled that decision in favor of Transport, holding that the case summary did not incorporate the CD, and even if the summary incorporated the CD, the case summary did not comply with the requirements of 12 VAC 30-20-540(B). The circuit court opined that the CD "was neither attached as an exhibit to the case summary nor incorporated by reference within the case summary." Further, the circuit court concluded that neither the CD nor the case summary contained a detailed factual basis for each adjustment, thus the agency "had no evidential support for its conclusions . . . ."

This appeal follows.

ANALYSIS

The narrow issue raised in this appeal is whether the case summary submitted by DMAS comported with the requirements of regulation 12 VAC 30-20-540(B), which provides:

- 3 -

DMAS shall file a written summary with the DMAS Appeals Division within 30 days of the filing of the provider's notice of informal appeal. DMAS shall mail a complete copy of the case summary to the provider on the same day that the case summary is filed with the DMAS Appeals Division. The case summary shall address each adjustment, patient, service date, or other disputed matter and shall state DMAS' position for each adjustment, patient, service date, or other disputed matter. The case summary shall contain the factual basis for each adjustment, patient, service date, or other disputed matter and any other information, authority, or documentation DMAS relied upon in taking its action or making its decision. Failure to file a written case summary with the Appeals Division in the detail specified within 30 days of the filing of the provider's notice of informal appeal shall result in dismissal in favor of the provider on those issues not addressed in the detail specified.

To summarize, the case summary shall address each adjustment, patient, service date, or other disputed matters, and shall state DMAS's position on each of the above. The case summary shall contain the factual basis for each adjustment, patient, service date or other disputed matter and any other information, authority, or documentation DMAS relied upon in taking its action or making its decision.

DMAS raises three issues on appeal, alleging error in the circuit court's finding: 1) there was no evidentiary support in the record to support the agency's finding that the case summary incorporated the CD; 2) that the case summary did not satisfy the requirements of 12 VAC 30-20-540(B); and 3) the agency rewrote the regulation and thus did not act in accordance with the law.

### Standard of Review

Our analysis begins with the applicable standard of review to determine whether the case summary complies with the requirements of 12 VAC 30-20-540(B).

"The Virginia Administrative Process Act authorizes judicial review of agency decisions." Avante at Roanoke v. Finnerty, 56 Va. App. 190, 197, 692 S.E.2d 277, 280 (2010); Code § 2.2-4027. Under well established principles governing the appeal of such decisions, "the

- 4 -

burden is upon the appealing party to demonstrate error." Carter v. Gordon, 28 Va. App. 133, 141, 502 S.E.2d 697, 700-01 (1998). "Our review is limited to determining (1) '[w]hether the agency acted in accordance with law;' (2) '[w]hether the agency made a procedural error which was not harmless error;' and (3) '[w]hether the agency had sufficient evidential support for its findings of fact.'" Finnerty, 56 Va. App. at 197, 692 S.E.2d at 280 (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988)).

In Board of Supervisors v. State Bldg. Code Tech. Review Bd., 52 Va. App. 460, 663 S.E.2d 571 (2008), we held:

> [C]ourts give "great deference" to an agency's interpretation of its own regulations. See Holtzman Oil Corp. v. Commonwealth, 32 Va. App. 532, 539, 529 S.E.2d 333, 337 (2000). This deference stems from Code § 2.2-4027, which requires that reviewing courts "take due account" of the "experience and specialized competence of the agency" promulgating the regulation. Va. Real Estate Bd. v. Clay, 9 Va. App. 152, 160-61, 384 S.E.2d 622, 627 (1989) (interpreting former Code § 9-6.14:17). Even so, "deference is not abdication, and it requires us to accept only those agency interpretations that are reasonable in light of the principles of construction courts normally employ." EEOC v. Arabian American Oil Co., 499 U.S. 244, 260 (1991) (Scalia, J., concurring).
>
> No matter how one calibrates judicial deference, the administrative power to interpret a regulation does not include the power to rewrite it. When a regulation is "not ambiguous," judicial deference "to the agency's position would be to permit the agency, under the guise of interpreting a regulation, to create *de facto* a new regulation." Christensen v. Harris County, 529 U.S. 576, 588 (2000).

Id. at 467, 663 S.E.2d at 574.

The circuit court correctly held this regulation is unambiguous.[2] As stated above, the regulation clearly states what the case summary must contain. The case summary either complies with the regulation or it does not. No interpretation by the agency is necessary, nor

---

[2] In its reply brief, DMAS acknowledges the regulation is unambiguous.

does the agency's specialized competence govern our review. "However, when an issue involves a pure question of statutory interpretation, that issue does not invoke the agency's specialized competence but is a question of law to be decided by the courts." Alliance to Save the Mattaponi v. Commonwealth Dep't of Envt'l Quality, 270 Va. 423, 442, 621 S.E.2d 78, 88 (2005) (other citations omitted); see also Avalon Assisted Living Facilities v. Zager, 39 Va. App. 484, 503, 574 S.E.2d 298, 307 (2002) (noting that principles of statutory construction apply with equal force "to the interpretation of regulations adopted by an administrative agency").

### Incorporation of the CD into the Case Summary[3]

DMAS contends the case summary provided to Transport incorporated by reference the CD that was sent to Transport with the notification letter of September 15, 2008. DMAS reasons that the case summary provided to Transport on November 13, 2008 refers to the CD twice. Additionally, the case summary listed the September 15, 2008 letter as an exhibit, and that letter referred to the CD twice. Thus, concludes DMAS, because the CD was mentioned four times in the case summary, it was therefore incorporated by reference into the case summary. DMAS also points out that Transport was at all times in possession of the CD and had sufficient knowledge of its contents.

Transport responds that the regulation does not allow an agency to rely on "information previously provided," and more importantly, the passing references to the CD within the body of the case summary and in the exhibits are not sufficient to put Transport on notice of DMAS's intent to include the contents of the CD in its case summary.

In its September 15, 2008 letter, DMAS advised Transport of the alleged overpayment and demanded payment. Transport appealed this decision and requested an IFFC under Code

---

[3] The parties were directed to file supplemental briefs, including additional authority, on the issue of whether the CD was incorporated by reference into the case summary.

§ 2.2-4019. Under 12 VAC 30-20-540(A), Transport was required to file a written notice of appeal which identified the issues being appealed. At that point in the appeal process, Transport could only rely on the September 15, 2008 letter, including the CD, to identify those issues.

Under 12 VAC 30-20-540(B), DMAS then was required to file a written case summary within thirty days of the filing of the notice of appeal.

From the express terms of the regulation, it is clear that the case summary must contain more detailed information than the original agency adjustment letter. If the latter satisfied the regulation, the requirements of subsection (B) would be meaningless and there would be no need for the case summary. See Hubbard v. Henrico Ltd. Pshp., 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998) ("[E]very part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary.").

DMAS's argument improperly focuses on what information Transport had in its possession prior to its notice of appeal. The regulation focuses on what information must be provided by the agency after the notice of appeal.

Transport responds that the regulation does not allow an agency to rely on "information previously provided." It contends that the unambiguous language of the regulation, i.e., that the "case summary shall contain the factual basis for each adjustment . . ." and the "case summary shall address each adjustment . . ." precludes the agency from relying on information previously provided the provider. We agree with Transport.

The circuit court concluded:

> The cited regulation here states the factual basis for each matter shall be contained in the case summary. The regulation does not state the factual basis for each matter "may be included in a document or CD accompanying an exhibit previously mailed to the provider." The regulation contains the words "shall address," "shall state" and "shall contain" rather than the words "shall be found in information previously provided."

"A primary rule of statutory construction is that courts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning." Loudoun County Dep't of Social Servs. v. Etzold, 245 Va. 80, 85, 425 S.E.2d 800, 802 (1993). "Generally, the words and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest." Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994). These principles of statutory interpretation apply with equal force "to the interpretation of regulations adopted by an administrative agency pursuant to statutory authority granted it by the legislature." Avalon Assisted Living, 39 Va. App. at 503, 574 S.E.2d at 307.

The regulation expressly mandates that the case summary must "contain" certain information. From this unambiguous language, we conclude that DMAS must include, not incorporate, any information or authority it relies upon in taking its action or making its decision. Therefore, if the desired information is not within the case summary itself, it is not to be considered as part of the case summary.

We find that the CD and its contents were not contained within the case summary as contemplated by 12 VAC 30-20-540(B). The case summary did not include the CD itself as an exhibit, nor did it contain the contents of the CD.

### Sufficiency of the Case Summary without the CD

DMAS conceded at oral argument that the case summary, by itself, was not sufficient to satisfy the requirements of 12 VAC 30-20-540(B). An appellant's concession of law "qualifies either as a waiver for purposes of Rule 5A:18 or as an express withdrawal of an appellate challenge to a trial court judgment." Logan v. Commonwealth, 47 Va. App. 168, 173 n.4, 622 S.E.2d 771, 773 n.4 (2005). Either way, we accept appellant's concession and do not address this issue on appeal. Id.

## Notice to Transport

DMAS also maintains that Transport, by virtue of the September 15, 2008 letter, with the attached CD, had notice of any contrary fact basis or information in the possession of the agency that can be relied upon in making an adverse decision. DMAS points to Transport's efforts to address individual claims that were listed on the CD at the IFFC, concluding Transport had specific details required by the regulation. Essentially, DMAS contends that pre-hearing notice is sufficient to comply with the regulation.

Even if we accept DMAS's position that the September 15, 2008 letter was adequate notice to Transport, DMAS's argument fails. We note that we have already held that the case summary in its entirety is not sufficient to satisfy 12 VAC 30-20-540(B). It is self-evident that if the whole of the case summary is not adequate, a mere component of the case summary is not sufficient to comply with the regulation.

## Mailing

DMAS also challenges the circuit court's finding that it did not "mail" the case summary to Transport, as required by the regulation. It is uncontroverted that the case summary was timely electronically mailed to Transport. DMAS contends electronic mailing satisfies the mailing requirement. It concludes that even if the requirement was not met, the regulation does not permit dismissal for the failure.[4] Since we conclude that the case summary does not comply with the regulation, we need not address this issue.

---

[4] 12 VAC 30-20-540(B) provides in part that "failure to file a written case summary . . . shall result in dismissal in favor of the provider on those issues not addressed in the detail specified."

## CONCLUSION

For the foregoing reasons, we find the trial court did not err in finding the case summary insufficient to satisfy the requirements of 12 VAC 30-20-540(B) and that the agency had no evidentiary basis to support its decision. Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>