# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Sean Andrew Bujno

v.

Commonwealth of Virginia,
Department of Motor Vehicles,
and Richard D. Holcomb,
Commissioner,
Department of Motor Vehicles

November 4, 2013

Case No. (Civil) CL13-906

BY JUDGE JOHN W. BROWN

The parties came for argument in this matter on August 7, 2013. For the reasons that follow, the Court denies petitioner Sean Andrew Bujno's motion to supplement the record and affirms the revocation of his license plates by the Department of Motor Vehicles (DMV).

## I. *Factual and Procedural Background*

In 2011, the DMV revoked personalized license plates displaying the text "ICUHAJI" issued to Bujno in 2006. Bujno appealed the revocation in Case No. CL12-1119, in which this Court held that the prohibition of license plate letter combinations that are "[s]ocially, racially, or ethnically offensive or derogatory" under the DMV Personalized License Plate Issuance Guidelines (Guidelines) is not viewpoint neutral and, therefore, violates the First and Fourteenth Amendments to the United States Constitution. *Bujno v. Holcomb, Commissioner*, 86 Va. Cir. 33 (Chesapeake City 2012). This Court remanded the matter to the DMV for consideration of whether another prohibition justified revocation of the "ICUHAJI" plates and, if not, ordered return of the plates to Bujno.

On remand, the DMV again recalled Bujno's plates on grounds that "they may be reasonably viewed as condoning or encouraging violence." The DMV additionally stated that it believes "the plates violate the Guidelines in that they may be reasonably seen as profane, obscene, or vulgar in nature." The February 15, 2013, letter informing Bujno of the DMV's decision was signed by the Commissioner of the DMV and informed Bujno:

> If you do not feel your personalized plates are in violation, you may appeal this decision by submitting a written request to conduct an informal administrative proceeding. Please include a statement as to why your plates are not in violation of our Guidelines as stated above. The administrative proceeding will provide an opportunity for you and the agency to present evidence and argument as to why the personalized plates do or do not meet the Guidelines.

Bujno declined to pursue the administrative proceeding and appealed directly to this Court.

## II. *Analysis*

### A. *Arguments of the Parties*

On appeal, Bujno argues that the DMV and Commissioner revoked and cancelled his plates in violation of the First and Fourteenth Amendments to the United States Constitution and Article I, §§ 8, 11, 12, and 16, of the Constitution of Virginia, as well as various provisions of the Virginia Code. Bujno maintains that this Court may consider his arguments despite the fact that they were not raised before the DMV, as the DMV was "quite aware" of their substance due to the previous appeal and remand. In this regard, Bujno argues that the present appeal is not a new appeal, but rather a continuation of Case No. CL12-1119.

Bujno further argues that the Commissioner himself ordered the revocation, in violation of the agency's own Guidelines, and now seeks to procedurally bar the petitioner from arguing to this Court because the petitioner failed to appeal the Commissioner's revocation to the Commissioner himself. The DMV attempts to benefit from its deviation "from the guidelines affording the Plaintiff an opportunity to be heard at an informal hearing," Bujno contends. The petitioner asserts that the "Defendants prohibited the plaintiff from raising facts or arguments before the agency," and accordingly, "[t]hrough his actions, Commissioner Holcomb waives any argument and related defenses by failing to provide Sean Bujno the opportunity of an informal hearing by issuing his decision on February 15, 2013." Bujno maintains that any appeal within the agency

pursuant to the Virginia Administrative Process Act (VAPA) would be futile, as the Commissioner himself signed the revocation letter.

The DMV and the Commissioner respond that Bujno failed to make any arguments before the agency and, therefore, is barred from maintaining his positions on appeal. Every argument presented in Bujno's petition for appeal is being raised for the first time, and this Court should, therefore, decline to hear them, the DMV argues. Furthermore, the DMV contends that whether the Commissioner signed the revocation letter has no bearing on the administrative process afforded Bujno because the Commissioner's letter expressly notified Bujno and his attorney of the right to request an "informal administrative proceeding," a process they undertook following the first revocation in 2011 in Case No. CL12-1119. The DMV concludes that Bujno prematurely appealed to this Court in lieu of presenting evidence and argument at the informal hearing.

## B. *Decision*

### 1. *Jurisdiction of the Court*

The jurisdiction of the circuit courts is defined by statute, and the Court's jurisdiction in this case is conferred by the VAPA. *See* Va. Code §§ 17.1-513, 2.2-4026, 2.2-4003. "A court always has jurisdiction to determine its own jurisdiction." *Lewis v. C.J. Langenfelder & Son, Jr., Inc.*, 266 Va. 513, 516, 587 S.E.2d 697, 699 (2003).

Foundationally, this Court must consider whether the order entered on December 7, 2012, in the previous case, Case No. CL12-1119, was a final appealable order divesting this Court of jurisdiction after the expiration of twenty-one days pursuant to Rule 1:1 of the Rules of the Supreme Court of Virginia. The December 7, 2012, order remanded the matter to the DMV for consideration of whether a different prohibition justified revocation of Bujno's plates and ordered the return of the plates otherwise. This disposition was in accord with Va. Code § 2.2-4029. *See id.* ("Where the regulation or case decision is found by the court not be in accordance with law under § 2.2-4027, the court shall suspend or set it aside and remand the matter to the agency for further proceedings, if any, as the court may permit or direct in accordance with law.").

A final appealable order, for purposes of a court's appellate jurisdiction, is one that "disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." *Rutter v. Oakwood Living Ctrs. of Va., Inc.*, 282 Va. 4, 13, 710 S.E.2d 460, 465 (2011) (quoting *James v. James*, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002)). "If an order leaves any 'vital questions unsettled' in the matter, it may not be considered final." *Real Estate Bd. v. Lancaster*, 45 Va. App. 723, 731, 613 S.E.2d 828, 832

(2005) (quoting *Allen v. Park*, 154 Va. 739, 748, 149 S.E. 615, 619 (1930)). "[U]nder Va. Sup. Ct. R. 1:1, final judgments remain under the control of the trial court and subject to be modified, vacated, or suspended for 21 days after the date of entry, and no longer." *Super Fresh Food Mkts. of Va. v. Ruffin*, 263 Va. 555, 560, 561 S.E.2d 734, 737 (2002) (citation omitted).

The order of December 7, 2012, entered in Case No. CL12-1119, satisfies these criteria; it is final for purposes of Rule 1:1 and is akin to any other appellate order remanding a case for further proceedings. *See, e.g., Gilliam v. McGrady*, 279 Va. 703, 707–08, 691 S.E.2d 797, 799 (2010) ("Although the Court of Appeals approved the circuit court's ruling with respect to the burden of proof, its final order reversed the case in part, holding that the circuit court had erred in failing to properly consider the statutory factors required to classify the trust fund debt. The Court remanded the case to the circuit court. . . . We awarded the wife an appeal."); *cf. Lancaster*, 45 Va. App. at 731, 613 S.E.2d at 832 ("Despite its title as the 'Final Order,' the order entered in this proceeding was not a 'final decision' within the meaning of the statute as to the issues appealed. The order expressly remands the proceedings to the Board for reconsideration of the matter of 'failure to exercise ordinary care,' which underlies the Board's rulings and sanctions as to Count I. The trial judge made no determination of the merits of that issue and made no ruling concerning the sanctions of Count I."). Unlike the order at issue in *Lancaster*, the final order in Case No. CL12-1119 made determinations on the merits, that the Guidelines were unconstitutional in part and that the Commissioner exceeded his authority.

This Court did not and could not, through the 2012 order, retain jurisdiction over the matter concurrent with that of the DMV. *See Ruffin*, 263 Va. at 561, 561 S.E.2d at 737. ("[W]hen a trial court enters an order, or decree, in which a judgment is rendered for a party, unless that order expressly provides that the court retains jurisdiction to reconsider the judgment or to address other matters still pending in the action before it, the order renders a final judgment and the twenty-one day time period prescribed by Rule 1:1 begins to run."). The instant matter is a new appeal of a DMV decision, not a continuation of Case No. CL12-1119. For this reason, the petitioner's motion to compel supplementation of the record/issue writ of certiorari is denied.

Accordingly, on remand, the DMV administrative process began anew. The Commissioner's letter of February 15, 2013, determined that the "ICUHAJI" plates could reasonably be viewed as condoning or encouraging violence and also as profane, obscene, or vulgar in nature. The letter informed Bujno of his right to contest the determination in an informal administrative hearing pursuant to Va. Code § 2.2-4019. Bujno instead appealed directly to this Court.

2. *Exhaustion of Administrative Remedies and Waiver of Petitioner's Arguments*

In administrative appeals, this Court has jurisdiction to hear claims alleging the unlawfulness of case decisions. *See* Va. Code §§ 2.2-4026 ("Any . . . party aggrieved by and claiming unlawfulness of a case decision . . . shall have a right to the direct review thereof by an appropriate and timely court action against the agency or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia. Actions may be instituted in any court of competent jurisdiction as provided in § 2.2-4003, and the judgments of the courts of original jurisdiction shall be subject to appeal to or review by higher courts as in other cases unless otherwise provided by law."); Rule 2A:2.

A "case decision" is defined as "any agency . . . determination that, under laws or regulations at the time, a named party as a matter of past or present fact, or of threatened or contemplated private action, either is, is not, or may or may not be (i) in violation of such law or regulation or (ii) in compliance with any existing requirement for obtaining or retaining a license or other right or benefit." Va. Code § 2.2-4001; *Kenley v. Newport News Gen. & Non-Sectarian Hosp. Assoc.*, 227 Va. 39, 44, 314 S.E.2d 52, 55 (1984) ("[T]he 'heart' of a case decision 'is a fact determination respecting compliance with the law'." (quoting Va. Code § 9-6.14:4(D) [now Va. Code § 2.2-4001] Revisers' Note). *See Simon v. Forer*, 265 Va. 483, 490–91, 578 S.E.2d 792, 796 (2003) (relying on Revisers' Note in interpreting meaning of statute). This broad definition does not expressly contain a requirement that aggrieved parties exhaust their administrative remedies before appealing to the circuit courts.

Nevertheless, the Court of Appeals of Virginia has stated: "Under the [VAPA] . . . , part[ies] must pursue administrative avenues that result in . . . final case decisions before seeking judicial review." *Fauquier Cnty. Dep't of Social Servs. v. Robinson*, 20 Va. App. 142, 152, 455 S.E.2d 734, 739 (1995). *Robinson* did not involve the appeal of an administrative case decision, however, and the Court of Appeals did not apply the doctrine for that reason. *Id.* ("Appellants' exhaustion argument is without merit. First, the parents' petition was a petition for services, not an appeal of an administrative case decision. Indeed, the trial court found that 'this matter rests somewhat apart from . . . the administrative process. I do not, for example, see this as an exhaustion case.' The court exercised jurisdiction over the petition pursuant to Va. Code §§ 16.1-241(G), 16.1-278(A), and 2.1-757(E), not pursuant to . . . the judicial review provision of the VAPA.").

Thus, the requirement that a party exhaust all administrative remedies before seeking judicial review is fundamental. *See id.* at 152–53, 455 S.E.2d at 739 ("It is a long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." (quoting *Philip*

*Morris, Inc. v. Block,* 755 F.2d 368, 369 (4th Cir. 1985))). *But see Kenley,* 227 Va. at 43 and n. 4, 314 S.E.2d at 54 amd n. 4 ("When the application was denied, Riverside appealed, but before completing the appellate process, it initiated this declaratory judgment proceeding. The record indicates that the appeal is being held in abeyance pending disposition of this proceeding."). " 'Exhaustion' applies where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course." *Country Vintner, Inc. v. Louis Latour, Inc.,* 272 Va. 402, 415–16, 634 S.E.2d 745, 753 (2006) (quoting *United States v. Western Pac. RR.,* 352 U.S. 59, 63–64 (1956)).

In the instant case, the petitioner has not exhausted his administrative remedies; the Commissioner's letter clearly provided for a Va. Code § 2.2-4019 informal hearing. Because the petitioner did not pursue an informal hearing, he presented no argument or evidence on remand and deprived the DMV of the opportunity to intelligently rule on the arguments he now attempts to raise on appeal. *See, e.g., Gayton Triangle Land Co. v. Board of Supervisors,* 216 Va. 764, 767, 222 S.E.2d 570, 572 (1976) ("[I]t is elementary [that] the courts will not anticipate circumstances which may never materialize in order to decide a constitutional issue. In the event that Gayton is granted a variance which will enable it to use the subject property reasonably, it would not be prejudiced by the ordinance which it seeks to have declared unconstitutional and consequently would have no standing to attack it. Therefore, whether it will be necessary to consider the applied constitutionality of the ordinance in question cannot be determined until Gayton has exhausted the administrative remedies provided by that ordinance." (citations omitted)).

"[A]n appellant, under the provisions of the [V]APA, may not raise issues on appeal from an administrative agency to the circuit court that it did not submit to the agency for the agency's consideration." *Id.* at 707, 454 S.E.2d at 734. This Court will not entertain arguments raised for the first time on appeal, regardless of any previous remand in the matter. *See id.; Chesapeake Hosp. Auth. v. Department of Med. Assistance Servs.,* 85 Va. Cir. 387, 390 (Chesapeake City 2012) ("Cases subject to the standard of review outlined in Va. Code § [2.2-4027] cannot be considered a trial *de novo* since the factual issues on appeal are controlled solely by the agency record. The reviewing court is not free to take additional evidence, even at the request of one of the parties." (quoting *School Bd. of Cnty. of York v. Nicely,* 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991))).

Assuming for the sake of argument that the petitioner was entitled to directly appeal the February 15, 2013, revocation letter directly to this Court, he declined to make any arguments below in response to the DMV's new justifications for revoking his plates. Again, this Court's role in hearing Bujno's second appeal "is equivalent to an appellate court's role in an appeal from a trial court." *Pence Holdings v. Auto Ctr.,* 19 Va. App.

703, 707–08, 454 S.E.2d 732, 734–35 (1995) (quoting *School Bd. v. Nicely*, 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991)). Accordingly, upon remand, the DMV administrative process started again; the DMV claimed new violations of its guidelines, and the petitioner failed to make any argument in response. We cannot consider his waived contentions for the first time on appeal.

### III. *Conclusion*

Because the instant matter is procedurally distinct from Case No. CL12-1119, Bujno's motion to supplement the record is denied. The petitioner failed to exhaust his administrative remedies and failed to make any argument or presentation of evidence before the DMV; this Court cannot consider his positions raised for the first time on appeal. The matter is consequently dismissed.